Marc J. Randazza
Randazza Legal Group
6525 Warm Springs Rd., Suite 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 (fax)
MJR@randazza.com

Attorney for Plaintiff,
LIBERTY MEDIA HOLDINGS, LLC

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC | Case No.: |
| Plaintiff, | Judge: |
| vs. | **COMPLAINT** |
| MIDTOWNE SPA, INC., | **(1)   COPYRIGHT INFRINGEMENT** |
| Defendant | **INJUNCTIVE RELIEF SOUGHT** |

## INTRODUCTION

1.  The Plaintiff, Liberty Media Holdings ("LMH" or "Plaintiff") is a well-known adult entertainment company that produces high-quality erotic content under the name "Corbin Fisher." Defendant Midtowne Spa, Inc. ("Defendant") misappropriated the Plaintiff's intellectual property for use on their advertisements for profit. The Plaintiff has suffered damages as a result of the Defendants' misappropriation and misuse of its intellectual property, and the Plaintiff brings this action seeking monetary damages and injunctive relief under the Copyright Act.

2.  The Plaintiff produces high quality photographs and motion pictures, which are published on it's website, on DVDs and in books, as well as licensed to third party publishers for a premium fee.

3.  The Defendant misappropriated one of LMH's copyrighted images and unlawfully used it on its own website to advertise its "Twink Night" promotion. See **Exhibit 1.**

4.  The Defendant's actions are a violation of the Plaintiff's copyrights as protected by Title 17 of the U.S. Code.

5.	The Defendant's actions were willful in nature, entitling the Plaintiff to enhanced damages. The Plaintiff seeks statutory damages, actual damages, an award of its attorney's fees and costs, as well as injunctive relief to ensure that Defendant engages in no future activity of a similar nature.

## THE PARTIES
### THE PLAINTIFF, LIBERTY MEDIA HOLDINGS, LLC

6.	LMH is a California corporation with a primary place of business in Las Vegas, Nevada, and it either owns all of the intellectual property relevant to this case, or has had the intellectual property assigned to it along with the right to bring any and all past, present, and future claims.

7.	The Plaintiff owns all relevant rights and has both the right and the responsibility to bring this lawsuit in order to protect the valuable intellectual property at issue.

### DEFENDANT MIDTOWNE SPA, INC.

8.	Midtowne Spa, Inc. is a Colorado Corporation with a primary place of business in Los Angeles, California. See **Exhibit 2.** Midtowne Spa owns and operates a club at 2935 Zuni Street in Denver, Colorado.

## JURISDICTION AND VENUE

9.	This Court has subject matter jurisdiction pursuant to the Copyright Act (17 U.S.C. §§ 101 et. seq.) and 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

10.	This Court has personal jurisdiction over the Defendant as the Defendant is a citizen of this state and does substantial business in this state.

11.	Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claims pleaded herein occurred in this district, and thus, this venue is the most appropriate forum in which this case should be heard. Specifically, the Defendant used the Plaintiff's image to advertise for "Twink Night" at the Denver Midtowne Spa. On information and belief, this use has taken place for months.

## FACTS COMMON TO ALL CLAIMS

### THE PLAINTIFF'S PROPERTY

12. Corbin Fisher® is a well-known name in the adult entertainment business featuring gay erotic content.

13. The Plaintiff is the author of the original work of expression, "The Gangbang," a work registered with the U.S. Copyright Office as PA 1-624-403. A copy of the relevant copyright certificate is attached as **Exhibit 3**.

14. The effective date of registration of this work was August 18, 2006, which was prior to the infringement committed by the Defendant. See **Exhibit 3**.

15. The original work clearly displayed the CORBIN FISHER logo, but the Defendant removed it prior to its misappropriation. See **Exhibit 1.**

16. The Plaintiff did not give Defendant permission to republish its copyrighted work, nor did the Plaintiff give the Defendant permission to remove its logo from the photograph.

17. The Plaintiff occasionally allows its copyrighted works to be used by third parties under strict licensing agreements that control the quality of the publication, the use of the Plaintiff's logos or other identifying information, and which require the payment of a fee that is never less than $5,000 in cash or other valuable consideration.

18. The commercial value of the relevant Copyrights has been diminished by the Defendant's actions.

### THE DEFENDANT'S WRONGFUL ACTS

19. The Defendant took the Plaintiff's copyrighted work, removed the Plaintiff's logo from it, then used the work in an advertisement for its ongoing "Twink Night" events in Denver. The Defendant did so for profit and without the Plaintiff's permission.

20. The Defendant used and published the Plaintiff's work without any regard as to the Plaintiff's rights.

21. The Defendant profited from this publication, or sought to do so.

22. A true and correct copy of the Defendant's "Twink Night" advertisement displaying the Plaintiff's Intellectual Property is attached as **Exhibit 1.**

23. Defendant knowingly and willfully infringed upon the Plaintiff's copyrights.

24. Neither Plaintiff nor any other person granted Defendant the right to reproduce, copy, or distribute Defendant's work, nor to exploit the Work for the Defendant's own use and profit.

25. The Defendant never acquired permission to use the Work, yet the Defendant still commercially distributed the Work for profit.

26. The Plaintiff's intellectual property is extremely valuable.

27. The Plaintiff occasionally licenses its copyrighted works to select licensees, but has strict requirements for such licensing in order to preserve the commercial value of its intellectual property, which is cheapened and diminished when distributed improperly. Any license of the Plaintiff's works requires that the Licensee:

    a. Provide credit to the Plaintiff,

    b. Present the Intellectual Property in a high-quality environment,

    c. Adhere to strict quality and presentation controls,

    d. Pay a minimum fee of $5,000, but often more.

28. The Defendant's use of the Plaintiff's work adhered to none of these standards. In fact, the Defendant removed the Plaintiff's photo credit, presented the work in a poor quality environment, used no quality or presentation controls, and paid no licensing fee.

## FIRST CAUSE OF ACTION
### (Copyright Infringement 17 U.S.C. § 501)

29. Plaintiff re-alleges and incorporates by reference as if verbatim, each and every paragraph above.

30. At all times relevant hereto, the Plaintiff has been the owner and producer of the copyrighted work, which was reproduced, distributed, and publicly displayed by the Defendant on the midtowne.com website as an advertisement for a commercial business.

31. The Plaintiff holds a copyright registration certificate from the United States Copyright Office that covers the infringed work.

32. Without authorization, the Defendant reproduced and distributed the Plaintiff's copyrighted and registered works for commercial use.

33. The Defendant's conduct was willful within the meaning given to that term by the Copyright Act.

34. As a result of its wrongful conduct, the Defendant is liable to the Plaintiff for copyright infringement under 17 U.S.C. § 501.

35. Plaintiff is entitled to recover statutory damages under 17 U.S.C. § 504(c).

36. In addition, because the Defendant's infringing acts were willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

37. Plaintiff is entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## WHEREFORE; PLAINTIFF PRAYS

1. That the Court issue a Permanent Injunction prohibiting the Defendant from future misconduct of the type complained of in the Action.

2. For statutory and/or exemplary damages in an amount of $150,000 per count of copyright infringement.

3. That Defendant be required to deliver up to be impounded during the pendency of this action:

   a. All copies of the Plaintiff's works, in any format, in Defendant's possession or under their control,

   b. All hard drives or other storage devices that contain the Plaintiff's works or other copyrighted images.

4. That Defendant pay to the Plaintiff its reasonable attorneys' fees pursuant to 17 U.S.C. § 505 and/or 15 U.S.C. § 1117(a).

5. That Defendant pay the Plaintiff the costs of this action; and,

6. For any additional and further relief which this Court deems to be just and proper.

Dated: September 23, 2011                    Respectfully Submitted,

                                                                             *s/ Marc J. Randazza*
                                                                             Marc J. Randazza
                                                                             Randazza Legal Group
                                                                             6525 Warm Springs Road Suite 100
                                                                             Las Vegas, NV 89118
                                                                             702-441-0739
                                                                             305-437-7662 fax